**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:07-CR-16 (WLS) |
| THOMAS L. LOVE, | : | |
| Defendant. | : | |

**ORDER**

Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Thomas Q. Langstaff, filed November 2, 2010. (Doc. 82). It is recommended that Defendant's duplicate *pro se* Motions Pursuant to 60(B)(6) for Specific Performance (Docs. 78, 80) be denied. (Doc. 82 at 1-2). Defendant timely filed an Objection. (Doc. 83).

For the following reasons, the objections set forth in Defendant's Objection (Doc. 83) are **OVERRULED** and United States Magistrate Judge Langstaff's November 2, 2010 Report and Recommendation (Doc. 82) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant's duplicate *pro se* Motions Pursuant to 60(B)(6) for Specific Performance (Docs. 78, 80) are **DENIED**.

It must be first observed that Defendant's instant Motions are ambiguous as to which "Rule 60(B)(6)" they are being brought under: criminal or civil. (*See generally* Docs. 78, 80). Judge Langstaff's R&R correctly finds that the Motion is brought under the civil rule (*see* Doc. 82), but the Court deems it necessary to illuminate the logical step taken to arrive at this conclusion. Defendant's Motions attempt to challenge his criminal sentence (*see* Docs. 78, 80),

1

and thus his Motions would presumably summon the criminal rules. Federal Rule of Criminal Procedure 60, however, does not pertain to amending judgments; rather, it deals with "Victim's Rights." Fed. R. Crim. P. 60. Turning to the civil rules, Federal Rule of Civil Procedure 60 governs "Relief from a Judgment or Order," Fed. R. Civ. P. 60, and thus clearly is the rule that Defendant intends to proceed under.

Unfortunately for Defendant, as Judge Langstaff's R&R finds, Civil Rule 60 is not the proper avenue for challenging a criminal judgment. (*See* Doc. 82). Defendant's Objection (Doc. 83) takes issue with Judge Langstaff's reliance upon an Eleventh Circuit opinion holding that "[Civil] Rule 60(b) simply does not provide for relief from judgment in a criminal case." (Doc. 82 at 1 (quoting United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998))). Such is the clear law of this Circuit, however, and thus must be followed by this Court no matter how much Defendant might protest. Accordingly, Defendant's Objection (Doc. 83) is **OVERRULED**.

Additionally, the Court notes that Defendant's Motions and Objection include discussion of a federal habeas corpus petition. (*See* Docs. 78, 80, 83). Defendant's Motions, however, concede that "[t]his defendant never has filed a U.S.C. 2255." (Docs. 78, 80 at 2 n.). Even if the Court were to construe Defendant's instant Motions Pursuant to 60(B)(6) as motions pursuant to 28 U.S.C. § 2255, they would be denied as untimely: the motions were dated June 11, 2010 and August 26, 2010, respectively, dates that are well more than one year after the February 28, 2008 Judgment (Doc. 66) that this Court handed down against Defendant following entry of his Plea Agreement (Doc. 39). *See, e.g.*, Brown v. United States, 318 Fed. App'x 749, 749 (11th Cir. 2008) ("A federal prisoner must ordinarily file a § 2255 motion to vacate his sentence within one year of, *inter alia*, the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction becomes final once the time for filing a direct appeal has expired. Akins v. United

2

States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)."). Defendant is thus entitled to no relief, and his Objection (Doc. 83) is therefore **OVERRULED**.

For the foregoing reasons, the objections set forth in Defendant's Objection (Doc. 83) are **OVERRULED** and United States Magistrate Judge Langstaff's November 2, 2010 Report and Recommendation (Doc. 82) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant's duplicate *pro se* Motions Pursuant to 60(B)(6) for Specific Performance (Docs. 78, 80) are **DENIED**.

**SO ORDERED**, this   23rd   day of November, 2010.

 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**